**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――

**No. 19-7368**

―――――――

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

LARRY EUGENE REED,

        Defendant – Appellant.

―――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Raymond A. Jackson, Senior District Judge. **(**4:96-cr-00022-RAJ-3)

―――――――

Argued:  October 28, 2022               Decided:  January 31, 2023

―――――――

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

―――――――

Vacated and remanded by published opinion. Judge Quattlebaum wrote the opinion, in which Judge Richardson and Judge Floyd joined.

―――――――

**ARGUED:** Maya M. Eckstein, HUNTON ANDREWS KURTH, LLP, Richmond, Virginia, for Appellant. Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF:** Nicholas D. Stellakis, Boston, Massachusetts, Christopher M. Butler, HUNTON ANDREWS KURTH LLP, Los Angeles, California, for Appellant.  G. Zachary Terwilliger, United States Attorney, Raj Parekh, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

QUATTLEBAUM, Circuit Judge:

Larry Reed appeals the district court's denial of his motion for a reduced sentence under Section 404(b) of the First Step Act of 2018. The district court determined that Reed was eligible for relief but declined to exercise its discretion to reduce Reed's sentence. Reed argues that the district court should have reduced his sentence to at least the revised statutory maximum under the Fair Sentencing Act. Alternatively, he contends that the district court should have addressed its rejection of that argument.

As to Reed's argument that the district court abused its discretion by not reducing his sentence to at least the revised statutory maximum, we disagree. The Supreme Court's recent decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022), instructs that district courts need not reduce any sentence under the First Step Act. But *Concepcion* also requires district courts to demonstrate that they have considered all nonfrivolous arguments raised by the parties. And under this record, we are unable to determine if the district court considered and rejected Reed's statutory maximum argument. So we vacate and remand for reconsideration of Reed's motion.

I.

We begin with some background on the First Step Act. In 2010, Congress passed the Fair Sentencing Act, reducing the 100-to-1 cocaine base and powder cocaine ratio in sentencing to 18-to-1. In so doing, the Fair Sentencing Act increased the quantities of cocaine base required to trigger certain statutory mandatory minimum sentences. Specifically, Section 2 of the Fair Sentencing Act increased the amount required to trigger

2

the five-year mandatory minimum from 5 grams to 28 grams and increased the amount required to trigger the ten-year mandatory minimum from 50 grams to 280 grams. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; 21 U.S.C. § 841. But Congress did not make the Fair Sentencing Act apply retroactively. So generally, defendants who were sentenced based on the prior disparate drug amounts could not receive adjusted sentences.

In 2018, Congress enacted the First Step Act, which gives retroactive effect to the Fair Sentencing Act by allowing defendants to move for a sentence reduction under the Fair Sentencing Act. The First Step Act applies to any defendant who was convicted of an offense whose statutory penalties "were modified by section 2 or 3 of the Fair Sentencing Act of 2010" that was "committed before August 3, 2010." First Step Act of 2018, Pub. L. No. 115-391, § 404(a), 132 Stat. 5194, 5222. Section 404 of the First Step Act provides, "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." *Id.* § 404(b), 132 Stat. at 5222 (internal citation omitted). But the Act adds that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c), 132 Stat. at 5222.

## II.

With that background in mind, we turn to the facts and procedural history applicable to this appeal. In 1996, a jury convicted Reed of several drug trafficking and firearm offenses. Those offenses included conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and distribution and possession with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The statutory range at that time for the drug convictions was 10 years to life. The offenses also included the use or possession of a firearm while trafficking drugs, in violation of 18 U.S.C. § 924(c)(1). At that time, any § 924(c) convictions from a single prosecution after the first § 924(c) conviction would be "stacked" and require an increased 20-year mandatory minimum on top of the 5-year mandatory minimum for the first § 924(c) conviction. That increased 20-year mandatory minimum no longer applies under the First Step Act.[1]

The district court sentenced Reed in January 1997. It applied the U.S.S.G. § 2D1.1(d)(1) cross reference for murder, finding by a preponderance of evidence that Reed killed two people in connection with the drug conspiracy. The cross reference set the base offense level at 43, which, under the Guidelines at that time, required the district court

---

[1] A year after Reed was sentenced, Congress increased the statutory maximum for each additional § 924(c) conviction from 20 years to 25 years. *See* Pub. L. No. 105–386, 112 Stat 3469 (Nov. 13, 1998). It remained at 25 years until the First Step Act was passed in 2018.

to impose a life sentence.[2] U.S.S.G. § 2A1.1. In addition to the life sentence for the drug offenses, it sentenced Reed to two consecutive terms totaling 25 years for the firearm convictions. Reed appealed and we affirmed. *United States v. Reed*, 151 F.3d 1030 (4th Cir. 1998) (per curiam) (unpublished).

In 2019, Reed moved for a sentence reduction based on Section 404(b) of the First Step Act. Reed first argued that he was subject to lower statutory maximum penalties based on the drug quantities charged in the indictment. Based on those quantities, the revised statutory maximums established by the Fair Sentencing Act for the three most serious drug offenses decreased from 10 years–life to 5–40 years. Reed also argued that his post-sentencing rehabilitation justified reducing his sentence. Finally, Reed argued that the district court could also resentence him based on the changes that the First Step Act made to the "stacking" of § 924(c) offenses.

The district court found Reed eligible for a reduced sentence, relying on the decreased statutory maximums based on the drug quantities from the indictment, and that it could also resentence Reed for the § 924(c) convictions. But after balancing the sentencing factors set forth in 18 U.S.C. § 3553(a), the district court decided not to reduce Reed's sentence. Although it acknowledged Reed's efforts at rehabilitation, the district court found that Reed's prior conduct, including two uncharged murders related to the drug conspiracy and his involvement in two additional shootings, weighed against a reduction.

---

[2] Reed was sentenced before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Prior to that decision, courts were required to treat Sentencing Guidelines as mandatory.

As a result, Reed's life sentence for his drug offenses remains greater than the statutory maximum for those offenses after the Fair Sentencing Act.

Reed timely appealed and we have jurisdiction under 18 U.S.C § 3742 and 28 U.S.C. § 1291.

III.

We review a district court's denial of Section 404(b) relief for abuse of discretion. *United States v. Swain*, 49 F.4th 398, 402 (4th Cir. 2022); *United States v. Collington*, 995 F.3d 347, 358–59 (4th Cir. 2021); *see also Concepcion*, 142 S. Ct. 2389, 2404 (2022) ("As a general matter, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence," and, "[o]ther than legal errors in recalculating the Guidelines to account for the Fair Sentencing Act's changes, appellate review should not be overly searching.") (citations omitted).

Under this standard, we affirm a district court's denial of Section 404(b) relief unless the court's decision is procedurally or substantively unreasonable. *Collington*, 995 F.3d at 358–59. In reviewing whether a sentence is reasonable, we first

> ensure[] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020). "If the Court finds no significant procedural error, it then considers the substantive reasonableness of the

6

sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (cleaned up).

"Substantive-reasonableness review requires us to consider the 'totality of the circumstances' to determine 'whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a).'" *Swain*, 49 F.4th at 402 (quoting *Collington*, 995 F.3d at 361).

Guided by these principles, we turn to Reed's arguments on appeal.

A.

Reed first argues that the district court abused its discretion by maintaining a sentence that exceeds the revised statutory maximum established by the Fair Sentencing Act. As Reed points out, after the Fair Sentencing Act, the highest statutory maximum for his drug convictions is now 40 years. But in denying his First Step Act motion, the district court maintained a sentence greater than the retroactive statutory maximum. According to Reed, the district court abused its discretion.

Were we writing on a clean slate, this issue would present a tricky question of statutory interpretation. The Fair Sentencing Act established a new, lower maximum sentence for a conviction involving 50 or more grams of crack cocaine. If Reed were sentenced after the implementation of the Fair Sentencing Act, he could not be sentenced to a term above the new statutory maximum. So if the First Step Act makes the Fair Sentencing Act retroactive, how can a defendant be sentenced to a term greater than the sentence Congress has declared to be the maximum? *See Collington*, 995 F.3d at 356 (holding that a district court's exercise of discretion to grant or deny a First Step Act motion

7

"must take place within the boundaries of the minimum and maximum sentences set by Congress."). On the other hand, the First Step Act is the vehicle that allows district courts to consider retroactive changes in law such as the new statutory maximum established in the Fair Sentencing Act. Without the First Step Act, the new statutory maximum could not even be considered. And the same Act that allows courts to consider changes in law retroactively also states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act, § 404(c). So, what gives? The new statutory maximum or the statutory provision that no reduction is required?

We addressed this question in *United States v. Collington*, 995 F.3d 347 (4th Cir. 2021). There, we held that the district court abused its discretion by retaining a sentence that exceeded the maximum established by the Fair Sentencing Act. *Id*. at 358. In other words, we effectively required district courts to apply the new statutory maximums established by the Fair Sentencing Act. Thus, if we apply *Collington*, we would be required to agree with Reed.

But the problem with applying *Collington* here is that our slate contains more recent guidance from the Supreme Court. In its *Concepcion* decision, the Court undermined *Collington*'s reasoning. In that case, Concepcion pled guilty to distribution of five or more grams of crack cocaine in violation of § 841(a)(1). *Concepcion*, 142 S. Ct. at 2396. Because he was a career offender, Concepcion's Guidelines range increased from 57 to 71 months to 262 to 327 months. *Id.* The district court sentenced him to 228 months. *Id.* Concepcion moved for a sentence reduction under the First Step Act arguing, in part, that due to subsequent changes in the law, he was no longer a career offender. *Id.* at 2397. As a result,

8

Concepcion argued his Guidelines range would be 57 to 71 months without the career offender enhancement. *Id.* He also argued his sentence should be reduced because of his post-sentencing rehabilitation efforts. *Id.* The district court denied the motion, reasoning the First Step Act did not allow consideration of other changes in the law or the facts, and the First Circuit affirmed. *Id.* at 2397–98.

> The Supreme Court vacated the First Circuit's judgment. In so doing, it held
>
> [b]ecause district courts are always obligated to consider nonfrivolous arguments presented by the parties, the First Step Act requires district court to consider intervening changes when the parties raise them. By its terms, however, the First Step Act does not compel courts to exercise their discretion to reduce any sentence based on those arguments.

*Id.* at 2396.

*Concepcion* makes clear that district courts must consider all nonfrivolous arguments for sentence reductions under the First Step Act based on changes in law or fact. But they are not required to reduce any sentence. *Id.* at 2404. In contrast, by determining that a district court abused its discretion in not reducing a sentence to the new statutory maximum, *Collington* effectively required a sentence to be reduced based on changes in law. Thus, *Collington*'s reasoning and holding conflict with the Supreme Court's reasoning in *Concepcion*. *See United States v. Banks*, 29 F.4th 168, 175 (4th Cir. 2022) ("Authority is untenable if its reasoning or holding is inconsistent with a Supreme Court decision").

True, *Concepcion* involved a change in law that related to a career offender sentencing enhancement. It did not involve the change to the statutory maximum established by the Fair Sentencing Act, which is what we face here. Because of that distinction, *Concepcion* may not have expressly overruled *Collington*. But *Concepcion*'s

9

reasoning extends to the issue we face today. The Court's language is both broad and clear. A district court's "discretion is bounded only when Congress or the Constitution expressly limits the type of information a district court may consider in modifying a sentence," and "[n]othing in the First Step Act contains such a limitation." *Concepcion*, 142 S. Ct. at 2397, 2398. Indeed, "[Section] 404(c) only underscores that a district court is not required to modify a sentence for *any reason*." *Id.* at 2402 (emphasis added). And because of that language, *Collington*'s holding that a district court abuses its discretion by not reducing a sentence to the statutory maximum established by the Fair Sentencing Act is untenable.

Thus, we reject Reed's argument that the district court abused its discretion by not reducing his sentence to at least the revised statutory maximum contained in the Fair Sentencing Act.

## B.

But Reed raises an alternative argument. According to Reed, even if the district court was not required to reduce Reed's sentence to at least the revised statutory maximum established by the Fair Sentencing Act, it was required to consider and sufficiently explain its rejection of his argument. In advancing this position, Reed relies on *Concepcion*. As stated above, *Concepcion* makes clear that the First Step Act does not require a district court to reduce any sentence. But it also instructs courts to consider all non-frivolous arguments raised by the parties and demonstrate that they reasoned through them. *Id*. at 2396, 2404.

To consider this contention, we begin with the parties' arguments below and the information provided by the Probation Office to the district court. To be sure, Reed argued

10

before the district court that his sentence for his crack cocaine offenses should not exceed the new statutory maximum. *See* J.A. 23, 92–95 and 99. But his arguments below were not nearly as focused on the statutory maximum issue as they are now. And even in preserving that issue, he advocated for an incorrect statutory maximum. At that time, Reed insisted that "if [he] were sentenced under the Fair Sentencing Act of 2010, Count One would carry only a 20-year statutory maximum term of imprisonment." J.A. 95. This was wrong. Count 1 was "conspiracy to distribute . . . 50 grams or more of 'crack' cocaine." J.A. 149. As Reed now acknowledges, the correct revised statutory maximum for Count 1 should have been 5 to 40 years.

The Probation Office also provided the district court with incorrect information. Probation's memorandum concerning Reed's motion listed the statutory penalties after the Fair Sentencing Act. It correctly found that two of the drug offenses, Counts 8 and 9, carried a revised statutory range of 5 to 40 years. J.A. 257. But it listed the range for the other, Count 1, to be 10 years to life. *Id.* As the drug weights listed in the indictment for each of these offenses was 50 grams, the revised statutory range for each should have been listed as 5 to 40 years. J.A. 139; 21 U.S.C. § 841(b)(1)(A) & (B).

Thus, the information provided to the district court by both Reed and Probation was incorrect.

The government agreed with Probation that the Fair Sentencing Act did not change the statutory maximum. It argued that Reed's eligibility for First Step Act relief should be based on the relevant drug weight from the Presentencing Report rather than the amount

11

charged in the indictment. J.A. 61. And using that weight, the government maintained that Reed's statutory maximum remained life in prison. J.A. 61–62. [3]

Without a hearing, the district court denied Reed's motion. It expressly rejected the government's reliance on the drug weight from the Presentencing Report. Instead, it correctly concluded that the drug weight charged in the indictment determined Reed's eligibility for First Step Act relief. Then, the district court discussed Reed's § 924(c) argument. Finally, it addressed the § 3553(a) factors along with Reed's rehabilitation argument, ultimately denying any sentence reduction. Relevant here, however, the district court did not mention Reed's argument that his sentence should be reduced to at least the revised statutory maximum. Likewise, it did not expressly recalculate Reed's Guidelines range.

Against this backdrop, Reed insists that the district court failed to satisfy *Concepcion*'s requirements for considering non-frivolous arguments raised by the parties. In describing a district court's obligation to explain its First Step Act decisions, *Concepcion* stated:

> It follows, under this Court's sentencing jurisprudence, that when deciding a First Step Act motion, district courts bear the standard obligation to explain their decisions and demonstrate that they considered the parties' arguments. It is well established that a district court must generally consider the parties' nonfrivolous arguments before it. Of course, a district court is not required to be persuaded by every argument parties make, and it may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation. Nor is a district court required to articulate anything more than a brief statement of reasons. Nothing in the First Step Act contravenes those background principles.

---

[3] Probation advanced this same argument.

> When it comes to that reasoned explanation, the First Step Act leaves much to the judge's own professional judgment. The First Step Act does not require courts to expressly rebut each argument made by the parties. In exercising its discretion, the court is free to agree or disagree with any of the policy arguments raised before it. All that the First Step Act requires is that a district court make clear that it reasoned through the parties' arguments.
>
> . . . .
>
> Put simply, the First Step Act does not require a district court to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction, or the Government's view that evidence of violent behavior in prison counsels against providing relief. Nor does the First Step Act require a district court to make a point-by-point rebuttal of the parties' arguments. *All that is required is for a district court to demonstrate that it has considered the arguments before it*.

142 S. Ct. at 2404-05 (cleaned up) (internal citations and quotations omitted) (emphasis added).

With this language, *Concepcion* sets a low bar for district courts. And as we have recently said in a similar context, an omission of any discussion of an argument "does not by itself establish that the district court failed to *consider* [the argument] at least implicitly . . . ." *United States v. Mangarella*, 57 F.4th 197, 204 (4th Cir. 2023) (emphasis in original). Even so, under the unique circumstances here, we must vacate the district court's order. Without a hearing transcript or Guidelines recalculation to provide clues about the court's reasoning, we are left with the parties' briefs to the district court, Probation's memorandum and the district court's order. But as already noted, the information provided by Reed and Probation below was flawed; the government's briefs did not squarely address the issue before us; and the district court's order did not discuss the statutory maximum issue. As a result, this record does not satisfy us that the district court considered and rejected Reed's

13

argument that his sentence should be reduced to at least the revised statutory maximum. It is certainly possible that it did. But it is also possible that it relied on Probation's incorrect representation that the statutory maximum for Count 1 was still life even when applying the Fair Sentencing Act's revised statutory maximums retroactively. And since the district court discussed Reed's arguments about First Step Act eligibility, § 924(c) and his post-conviction rehabilitation, it is also possible that it overlooked the statutory maximum argument. We simply cannot tell. And importantly, each explanation implicates separate issues.[4] So we must vacate the district court's order denying Reed's motion and remand for reconsideration.[5]

But our decision should not be viewed as criticism of the district court. As noted above, the incorrect information it received from Reed and Probation placed the court in a difficult spot. And its denial of Reed's motion took place before many of our court's decisions explaining the requirements for disposition of First Step Act motions and obviously before the Supreme Court's *Concepcion* decision. Even so, we must vacate and remand to the district court.

---

[4] For example, relying on the incorrect information provided by Probation, while perhaps understandable, would mean the district court improperly based its denial of Reed's motion on a false understanding of his recalculated Guidelines range. And overlooking Reed's statutory maximum argument would violate *Concepcion*'s requirements.

[5] Because we vacate the district court's decision due to its failure to address Reed's statutory maximum argument, we need not address his claims concerning the district court's explanation rejecting his rehabilitation and § 924(c) arguments.

14

IV.

The Supreme Court's *Concepcion* decision instructs that district courts need not reduce any sentence under the First Step Act. So, we reject Reed's argument to the contrary. But *Concepcion* also provides that district courts must consider all non-frivolous arguments raised by the parties. And we cannot tell from the record here whether the district court did this. Thus, the district court's order denying Reed's First Step Act motion is[6]

*VACATED AND REMANDED*.

---

[6] Although not raised by Reed, our decision should not be construed to ignore the requirement that in considering a First Step Act motion, courts must recalculate a movant's Guideline range to reflect the retroactive application of the Fair Sentencing Act. *Concepcion*, 142 S. Ct. at 2402 n.6 ("That Guidelines range 'anchors' the sentencing proceeding."); *see also Gall v. United States*, 552 U.S. 38, 49 (2007) ("[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."). We instruct the district court to expressly comply with this requirement on remand.