**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-6746**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARIO L. ALLEN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David J. Novak, District Judge.  (3:03-cr-00394-DJN-32)

_____

Submitted:  April 20, 2023                                        Decided:  April 24, 2023

_____

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Carolyn V. Grady, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Allen appeals the district court's order granting in part and denying in part his motion for a sentence reduction pursuant to § 404(b) of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194, 5222.  In 2004, a jury convicted Allen of conspiracy to violate the Racketeering Influenced and Corrupt Organizations Act (RICO), pursuant to 18 U.S.C. § 1962(d), and conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(iii).  The jury found that Allen had participated in two racketeering activities: distribution and possession with intent to distribute crack cocaine and first-degree murder under Virginia law.  The district court sentenced Allen to concurrent life terms of imprisonment on each count.  We affirmed Allen's convictions and sentence.  *United States v. Batts*, 171 F. App'x 977, 984-85 (4th Cir. 2006) (No. 04-5050) (argued but unpublished).

In 2020, Allen moved for a reduction of his sentence pursuant to the First Step Act.  The district court found Allen eligible for relief on his drug conspiracy conviction and reduced his sentence on that count to 40 years' imprisonment, the statutory maximum applicable after enactment of the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2372.  The court declined to further reduce Allen's sentence on that count upon consideration of the 18 U.S.C. § 3553(a) factors and Allen's arguments.  The court also determined that Allen's RICO conviction was not a covered offense under the First Step Act because, *inter alia*, the Fair Sentencing Act did not alter the penalties under 18 U.S.C. § 1963.  Even if the RICO conviction were a covered offense, the district

2

court expressly indicated that it would decline to reduce Allen's sentence for that conviction.

On appeal, Allen argues that the district court erred because it purportedly failed to recognize that it could reduce his sentence on the RICO conviction, even though the court had determined it was not a covered offense, based on the sentencing package doctrine. Alternatively, he claims that his RICO conviction was a covered offense under the First Step Act. We affirm.

Under § 404(b) of the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." 132 Stat. at 5222. A "covered offense" is "an offense whose statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010." *United States v. Reed*, 58 F.4th 816, 818 (4th Cir. 2023) (internal quotation marks omitted). However, "[n]othing in [§ 404] shall be construed to require a court to reduce any sentence pursuant to [§ 404]." *Id.* (internal quotation marks omitted).

We review a district court's decision on a First Step Act motion for abuse of discretion. *Id.* at 819; *see Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022) ("As a general matter, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence," and, "[o]ther than legal errors in recalculating the [Sentencing] Guidelines to account for the Fair Sentencing Act's changes, appellate review should not be overly searching." (cleaned up)). "Under this standard, we affirm a district court's denial of [§] 404(b) relief unless the court's

3

decision is procedurally or substantively unreasonable." *Reed*, 58 F.4th at 820. "In reviewing whether a sentence is reasonable, we first ensure that the district court committed no significant procedural error . . . ." *Id.* (cleaned up). Significant procedural error could include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (internal quotation marks omitted). If there is "no significant procedural error, [we] then consider[] the substantive reasonableness of the sentence imposed." *Id.* (internal quotation marks omitted). "Substantive-reasonableness review requires us to consider the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted).

We have considered the parties' arguments and reviewed the record on appeal, and we conclude that the district court did not abuse its discretion in denying Allen's motion in part. The district court's purported failure to recognize that it could reduce Allen's sentence on his RICO conviction, if error, is harmless. *See* Fed. R. Crim. P. 52(a) ("Any error . . . that does not affect substantial rights must be disregarded."); *United States v. Brizuela*, 962 F.3d 784, 798 (4th Cir. 2020) (defining harmless error). The court explicitly stated that even if Allen's RICO conviction was a covered offense, it would deny a reduction of his life sentence on that count based on its consideration of the § 3553(a) factors. Accordingly, even if Allen's RICO conviction was a covered offense under the First Step Act, the court's conclusion to the contrary is also harmless error. Moreover, the

4

district court adequately considered the § 3553(a) factors and Allen's criminal history, prison disciplinary infractions, postsentencing rehabilitation, and letters of support. The court also considered and rejected Allen's arguments that he was not responsible for the murder supporting the life sentence imposed for the RICO conviction and that a reduction was warranted to avoid a disparity between his sentence and a codefendant's.

Accordingly, we affirm the district court's order. *See Reed*, 58 F.4th at 823 ("All that the First Step Act requires is that a district court make clear that it reasoned through the parties' arguments." (quoting *Concepcion*, 142 S. Ct. at 2404)). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*