**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-7149

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEON COLEMAN, a/k/a Leon Walker, a/k/a Lee,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:01-cr-00304-GLR-1)

Submitted:  June 1, 2023                                           Decided:  June 15, 2023

Before GREGORY, Chief Judge, and AGEE and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** James Wyda, Federal Public Defender, Baltimore, Maryland, Sapna Mirchandani, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Baltimore, Maryland, Jonathan S. Tsuei, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leon Coleman appeals the district court's order denying his motion for a reduced sentence under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. On appeal, Coleman argues the district court abused its discretion by denying his motion, because it misunderstood its broad authority under *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020), ignored substantial mitigating arguments favoring relief, and failed to acknowledge the unwarranted sentencing disparities justifying a lower term. In his reply brief, he additionally argues that the district court erred in identifying him as a leader of the conspiracy. Finding no reversible error, we affirm.

The First Step Act of 2018 "allows a district court to impose a reduced sentence 'as if' the revised penalties for crack cocaine enacted in the Fair Sentencing Act of 2010 were in effect at the time the offense was committed." *Concepcion v. United States*, 142 S. Ct. 2389, 2396 (2022). "*Concepcion* instructs district courts exercising their discretion under the First Step Act to proceed in two steps." *United States v. Troy*, 64 F.4th 177, 184 (4th Cir. 2023). "First, they must recalculate the movant's Guidelines range 'only to the extent it adjusts for the Fair Sentencing Act.'" *Id*. (citations omitted).

"Second, they may (and when raised by the parties, must) consider other legal and factual changes when deciding whether to impose a reduced sentence." *Id*. (citing *Concepcion*, 142 S. Ct. at 2396, 2402 n.6). "Thus, while a district court may consider other changes in the law when determining what reduction, if any, is appropriate in an individual case, the proper 'benchmark' for the district court's analysis (and for our review) is the

2

impact of the Fair Sentencing Act on the defendant's Guidelines range." *Id*. (citing *Concepcion*, 142 S. Ct. at 2402 & n.6).

We review a denial of a Section 404(b) motion for abuse of discretion. *United States v. Reed*, 58 F.4th 816, 819 (4th Cir. 2023) (citations omitted). "Under this standard, we affirm a district court's denial of Section 404(b) relief unless the court's decision is procedurally or substantively unreasonable." *Id*. at 820 (citation omitted). "As a general matter, 'it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence,'" and "appellate review should not be overly searching." *Concepcion*, 142 S. Ct. at 2404 (citations omitted).

"In resolving a motion under the First Step Act, a district court's discretion is broad and its burden light." *Troy*, 64 F.4th at 184 (citing *Concepcion*, 142 S. Ct. at 2404). "District courts are not required to modify a sentence 'for any reason' and may reject arguments they consider unconvincing in 'a brief statement of reasons' and 'without a detailed explanation.'" *Id*. (quoting *Concepcion*, 142 S. Ct. at 2402, 2404).

"Nor does the First Step Act require a district court to make a point-by-point rebuttal of the parties' arguments." *Concepcion*, 142 S. Ct. at 2405. "But when district courts consider such motions, they must still 'sentence the whole person before them,' 'explain their decisions,' and 'demonstrate that they considered the parties' arguments.'" *Troy*, 64 F.4th at 184-85 (quoting *Concepcion*, 142 S. Ct. at 2398, 2404).

We have reviewed the record and Coleman's arguments on appeal, and we conclude the district court did not abuse its discretion in denying his motion for a sentence reduction. The district court demonstrated that it correctly understood its broad authority; considered

3

the intervening factual changes and other arguments made by Coleman; and did not err or abuse its discretion in finding that he failed to set forth unwarranted sentence disparities. "[I]t is well settled that codefendants and even coconspirators may be sentenced differently for the same offense," *United States v. Pierce*, 409 F.3d 228, 235 (4th Cir. 2005), and "it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence," *Concepcion*, 142 S. Ct. at 2404.

We also find no error in the district court's identification of Coleman as a leader of the conspiracy. While the Government did not require Coleman to stipulate to a four-level role increase based on his leadership role, the parties stipulated the Government's evidence would prove that he was a leader of the conspiracy. After the probation officer applied the four-level role increase, Coleman did not object to the enhancement; and the district court adopted the presentence report and Guidelines sentence of life before departing down to the agreed-upon sentence of 360 months pursuant to Fed. R. Crim. P. 11(c)(1)(C).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*