**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 20-6508**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERMAINE LAMONT WOOD, a/k/a Jeremaine Lamont Wood,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. M. Hannah Lauck, District Judge. (3:99-cr-00144-MHL-RCY-1)

---

Argued: January 26, 2023                    Decided: August 1, 2023

---

Before DIAZ, Chief Judge, and THACKER, Circuit Judge, and Catherine C. EAGLES, United States District Judge for the Middle District of North Carolina, sitting by designation.

---

Vacated and remanded by unpublished per curiam opinion.

---

**ARGUED:** Frances H. Pratt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Daniel Julius Honold, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Geremy C. Kamens, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Lamont Wood ("Appellant") appeals the district court's denial of his motion for a reduced sentence and motion for reconsideration pursuant to section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"). Following a jury trial, Appellant was convicted on three counts of federal narcotics and firearms violations and acquitted on one count. He was sentenced to concurrent terms of 480 months of imprisonment, 240 months of imprisonment, and life imprisonment.

In 2019, Appellant moved for a reduced sentence pursuant to the First Step Act. The district court denied Appellant's motion and Appellant sought reconsideration, which the district court also denied. Appellant subsequently appealed both orders. We vacate and remand with instructions to consider Appellant's non-frivolous arguments.

I.

A.

In May 1999, a jury convicted Appellant of conspiracy to possess with intent to distribute more than five grams of cocaine base ("crack cocaine") in violation of 21 U.S.C. § 846 (count one); conspiracy to use and carry firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(o) (count three); and using a firearm to commit second degree murder during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c), (j) (count four).[1]

---

[1] Appellant was acquitted of possession of more than five grams of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a) (count two).

Relying on United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") section 2D1.1(d)(1)'s cross-reference to first degree murder, Appellant's presentence investigation report ("PSR") calculated a base offense level of 43 for the crack cocaine violation. *See* U.S.S.G. § 2D1.1(d)(1) (Nov. 1998) ("If a victim was killed under circumstances that would constitute murder . . . apply § 2A1.1."); *see also id.* at § 2A1.1(a) (providing a base offense level of 43 for first degree murder). The PSR grouped all three counts of conviction pursuant to sections 3D1.2(b) and 3D1.3 of the Guidelines. As a result, the combined adjusted offense level was 43. The PSR calculated a total Guidelines sentencing range of life in prison, acknowledging that concurrent sentences at the lower statutory maximums for counts one (480 months) and three (240 months) would be appropriate. *See* 5G1.2(b), and (c).

Pursuant to the then-mandatory Guidelines, the district court sentenced Appellant to concurrent terms of 480 months of imprisonment as to count one, 240 months of imprisonment as to count three, and life imprisonment as to count four.

B.

On November 1, 2006, U.S.S.G. section 2D1.1(d)(1) was modified by Amendment 684, which permits a cross-reference to either U.S.S.G. section 2A1.1, imposing a base offense level of 43 in cases involving first degree murder, *or* U.S.S.G. section 2A1.2, imposing a base offense level of 38 in cases involving second degree murder ("Amendment 684"). *See* U.S.S.G. App. C, Amend. 684 (2006).

In August of 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"). As we explained in *United States v. Wirsing*, 943 F.3d 175, 177–

4

78 (4th Cir. 2019), the FSA reduced sentencing disparities between powder cocaine and crack cocaine offenses. However, at the time of its enactment, the FSA provided only prospective relief.

Then, in 2018, Congress passed the First Step Act which gave the FSA retroactive effect. *See United States v. Chambers*, 956 F.3d 667, 670 (4th Cir. 2020). Specifically, section 404(b) of the First Step Act permits individuals to petition the court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222.

## C.

In March 2019, in response to Appellant's request to file a motion for sentence reduction, the district court directed the probation office to prepare a First Step Act worksheet and provide it to Appellant as well as to all counsel of record.[2] Per the worksheet, Appellant's Guidelines sentencing range remained unchanged. However, the worksheet noted that the maximum statutory penalty for count one has been reduced from 480 months to 240 months of imprisonment.

Through counsel, Appellant filed a First Step Act motion requesting a sentence reduction from 480 to 240 months of imprisonment on count one (his crack cocaine conviction). Before the district court ruled on this motion, however, Appellant wrote letters requesting that the district court remove his counsel and also remove the motion filed by

---

[2] At the time Appellant made the request to file a motion for sentence reduction, he was pro se. But by the time the worksheet was prepared, Appellant was represented by the Federal Public Defender.

counsel from the docket. Although the district court granted Appellant's motion to proceed without counsel, his request to remove his former counsel's motion was not granted. Instead, the court said it was taking the counseled motion "under advisement" pending further briefing. J.A. 116.[3]

Subsequently, Appellant filed a pro se motion seeking a reduction in his sentence pursuant to section 404 of the First Step Act. In support, Appellant argued that his sentencing range would have been lower had he been sentenced after the Fair Sentencing Act and that his counts of conviction were erroneously grouped in the 1999 PSR.

After the government responded that Appellant's life sentence was driven by his 924(j) conviction at count four, which it argued was unaffected by the Fair Sentencing Act, Appellant raised a new argument in his reply brief. He asserted that after Amendment 684 modified Guidelines section 2D1.1(d)(1) to cross reference first *or* second degree murder "as appropriate," U.S.S.G § 2D1.1(d)(1), he would have been subject to a base offense level of 38 rather than 43, resulting in a lower Guidelines sentencing range that did not include life.

The district court concluded that Appellant met the threshold eligibility for First Step Act relief because (1) his conviction for crack cocaine was a covered offense, (2) he had not previously received a sentence reduction pursuant to section 2 or 3 of the Fair Sentencing Act, and (3) he had not previously filed a motion pursuant to section 404 of the First Step Act. Nevertheless, the court declined to reduce Appellant's sentence. In part,

---

[3] Citations to the "J.A." refer to the Joint Appendix filed by the parties to this appeal.

6

the district court reasoned that the "First Step Act does not alter the [Guidelines] range applicable to [Appellant]." J.A. 215. In so ruling, the district court relied on the First Step Act worksheet, which indicated that Appellant's Guidelines sentencing calculation remained unchanged.

Therefore, the district court denied both Appellant's pro se motion to reduce his sentence and the motion filed by Appellant's former counsel. Appellant subsequently filed a pro se motion asking the district court to reconsider. The district court denied the motion for reconsideration. Appellant timely noticed his appeal. The Government concedes that the sentencing package doctrine, *United States v. Ventura*, 864 F.3d 301 (2017), applies to section 404 motions, which means the entirety of Appellant's sentence (as to all three counts) may be reviewed, and we assume that doctrine to apply for purposes of this decision.

## II.

"We review the scope of a district court's sentencing authority under the First Step Act de novo." *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). And "[o]rdinarily, when 'determining whether a district court properly applied the [] Guidelines,' including its application of a cross reference, 'we review the district court's legal conclusions de novo and its factual findings for clear error.'" *United States v. Ashford*, 718 F.3d 377, 380 (4th Cir. 2013) (quoting *United States v. Layton*, 564 F.3d 330, 334 (4th Cir. 2009)). Thus, we affirm a district court's denial of section 404(b) relief unless the district court's decision was procedurally or substantively unreasonable. *See United*

7

*States v. Swain*, 49 F.4th 398, 402 (4th Cir. 2022).  In determining whether a sentence was

reasonable, this court must:

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.

*United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall v. United States*,

552 U.S. 38, 51 (2007)).

## III.

Appellant argues the district court erred in determining that the First Step Act did

not alter his applicable Guidelines sentencing range.  Appellant asserts that the maximum

sentence as to his crack cocaine conviction has been amended, requiring a reduction in his

sentence to the new statutory maximum. Additionally, Appellant argues that the district

court erred in failing to consider what his Guidelines sentencing range would have been

had Amendment 684's change to the murder cross-reference applied in his case.  He also

asserts that his due process rights were violated when the district court relied on the First

Step Act worksheet without providing Appellant with a copy or giving him an opportunity

to object to its determination that the Guidelines range remained unchanged. [4]

---

[4] Although Appellant argued below that his counts of conviction were erroneously grouped in the PSR, he has abandoned this argument on appeal and concedes that the district court did not err in its grouping analysis.

8

A.

Appellant first contends that the district court erred by maintaining a sentence, as to count one, that exceeds the revised statutory maximum pursuant to the FSA.  However, this court recently held that *Concepcion v. United States*, 142 S. Ct. 2389 (2022), "instructs that district courts need not reduce *any sentence* under the First Step Act."  *United States v. Reed*, 58 F.4th 816 (4th Cir. 2023).  This includes a situation, such as the one presented here, where the statutory maximum has been revised and Appellant's sentence exceeds this revised maximum.  *Id.* at 822 (rejecting the argument that a district court abuses its discretion when it refrains from reducing a sentence to the revised statutory maximum).  As the worksheet noted the reduction in the statutory maximum as to Count one -- and the district court considered the worksheet -- we find no error.

B.

Appellant next contends that the district court erred by failing to consider his argument that his Guidelines range would have been lower if he was sentenced pursuant to Amendment 684.  Specifically, Appellant contends that, in light of the jury's finding of second degree murder, the cross-reference to the first degree murder guideline would be inappropriate following Amendment 684.

The PSR applied the cross-reference for first degree murder when determining Appellant's base offense level.  Prior to Amendment 684, the Guidelines stated, "If a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, apply § 2A1.1 (First Degree Murder)."  U.S.S.G. § 2D1.1(d)(1) (Nov. 1998).  In turn,

9

section 2A1.1 of the Guidelines instructs that the base offense level under this circumstance is 43.  U.S.S.G. § 2A1.1(a).  And the Guidelines "range" for individuals who have an offense level of 43 is "life."  U.S.S.G. ch. 5, pt. A (sentencing table).

However, in 2006, section 2D1.1(d)(1) was amended "to allow the application of § 2A1.2 (Second Degree Murder) in cases in which the conduct involved is second degree murder."  U.S.S.G. App. C, Amend. 684 (eff. Nov. 1, 2006).  Amendment 684, which was not retroactive, provides that the base offense level for second degree murder is 38.  U.S.S.G. § 2A1.2(a).  Consequently, if Appellant had been sentenced using a cross-reference to the second degree murder guideline, his Guidelines range would have been 324–405 months of imprisonment as opposed to life.

Appellant contends that pursuant to the Supreme Court's recent decision in *Concepcion*, the district court was required to consider his Amendment 684 argument.  In *Concepcion*, the Supreme Court considered "whether a district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion."  142 S. Ct. at 2396.  In answering that question yes, the Court emphasized, "Because district courts are always obligated to consider nonfrivolous arguments presented by the parties, the First Step Act *requires* district courts to consider intervening changes when parties raise them."  *Id.* (emphasis supplied).

Here, the district court did not explicitly consider the merits of Appellant's argument as to the cross-reference.  And, in light of the Supreme Court's guidance in *Concepcion*, the district court was at least required to consider that following Amendment 684,

10

Appellant would have been subject to a lower Guidelines sentencing range. *Concepcion* makes clear that "[t]he First Step Act does not require a district court to be persuaded by the nonfrivolous arguments raised by the parties before it, *but it does require the court to consider them*." 142 S. Ct. at 2405 (emphasis supplied).

Because the district court's order did not address Appellant's Amendment 684 argument, the district court erred. Accordingly, we vacate and remand[5] so that the district court can consider Appellant's non-frivolous Guidelines argument as to Amendment 684.[6]

## C.

Finally, we readily dispense with Appellant's argument that his right to due process was violated. In this regard, Appellant alleges that he was not provided with a copy of the First Step Act worksheet. But the record makes clear that Appellant was represented by counsel at the time the worksheet was prepared and that counsel was provided with the worksheet. Thus, Appellant's argument is without merit.

---

[5] We express no opinion as to the outcome of the district court's decision on remand.

[6] The government points out that Appellant did not raise his murder cross-reference argument until his reply brief. But rather than argue that Appellant waived the cross-reference argument, the government took the position, in briefing and at oral argument, that the district court's limited explanation was sufficient given this posture. However, neither the order denying Appellant's First Step Act motion nor the order denying his motion for reconsideration reference the cross-reference argument *at all*. Thus, we are not convinced on this record that the district court "considered the argument" as required pursuant to *Concepcion*. 142 S.Ct. at 2405; *accord Reed*, 58 F.4th at 823.

IV.

The district court's orders denying Appellant's First Step Act motion and motion for reconsideration are vacated and remanded for further proceedings consistent with this opinion.

*VACATED AND REMANDED*