**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-7015**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAMONT L. FLEMING, a/k/a Marty,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:95-cr-00041-D-1)

Submitted:  July 27, 2023                    Decided:  August 17, 2023

Before WYNN, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lamont L. Fleming, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamont L. Fleming appeals the district court's order denying his motions for a sentence reduction pursuant to § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (First Step Act). When his appellate filings are liberally construed, *see Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023), Fleming contends that the district court erred by finding he was ineligible for relief under the First Step Act and abused its discretion by failing to consider all his mitigating arguments.

We review de novo "a question of threshold eligibility for First Step Act relief," *United States v. Roane*, 51 F.4th 541, 546 (4th Cir. 2022) (internal quotation marks omitted), *petition for cert. filed*, No. 22-7309 (U.S. Apr. 18, 2023), and otherwise review for abuse of discretion a district court's denial of a § 404(b) motion, *United States v. Reed*, 58 F.4th 816, 819 (4th Cir. 2023). In this context, "[a] district court abuses its discretion if its decision to retain or reduce a sentence under the First Step Act is procedurally or substantively unreasonable." *United States v. Troy*, 64 F.4th 177, 184 (4th Cir. 2023).

A district court is "not required to modify a sentence for any reason and may reject arguments [it] consider[s] unconvincing in a brief statement of reasons and without a detailed explanation." *Id.* (internal quotation marks omitted). However, for the denial of a § 404(b) motion to be procedurally reasonable, "a district court must consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the [18 U.S.C.] § 3553(a) factors, determine—following the Fair Sentencing Act— whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Id.* at 185 (internal quotation marks omitted). And "[t]o determine

2

whether the denial of a First Step Act motion is substantively reasonable, we consider whether, under the totality of the circumstances, the district court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* at 186 (internal quotation marks omitted).

Assuming without deciding that Fleming is eligible for relief under the First Step Act, we conclude that the district court did not abuse its discretion by denying his motions. The district court properly recalculated Fleming's now-advisory Sentencing Guidelines range, adequately demonstrated that it considered all his arguments in support of his motions, and fully explained its reasonable determination that Fleming's life sentence remains appropriate in light of the § 3553(a) factors. We therefore affirm the district court's order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3