**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-7198**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

RICARDO DINNALL,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, District Judge. (4:02-cr-00060-FL-2)

———————

Submitted: August 7, 2023              Decided: August 21, 2023

———————

Before NIEMEYER, KING, and BENJAMIN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Nicholas Hartigan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Ricardo Dinnall was convicted of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base and conspiracy to kidnap. He was sentenced to concurrent life sentences. Dinnall later moved for a sentence reduction under § 404(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5222, which was opposed by the Government and denied by the district court. Dinnall appeals. We affirm.

We review the district court's resolution of a motion for a sentence reduction under the First Step Act for abuse of discretion. "A district court abuses its discretion if its decision to retain or reduce a sentence under the First Step Act is procedurally or substantively unreasonable." *United States v. Troy*, 64 F.4th 177, 184 (4th Cir. 2023). A sentence is procedurally reasonable if the court properly calculated the relevant Guidelines range, treated the Guidelines as advisory, considered the relevant 18 U.S.C. § 3553(a) sentencing factors, did not make a factual error in choosing the sentence, and adequately explained the sentence. *United States v. Reed*, 58 F.4th 816, 820 (4th Cir. 2023). And "to be procedurally reasonable, a district court must consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Troy*, 64 F.4th at 185 (internal quotation marks omitted). "Substantive-reasonableness review requires us to consider the totality of the circumstances to determine whether the sentencing court

2

abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Reed*, 58 F.4th at 820.

In the context of a First Step Act motion, district courts exercise their discretion in two steps. "First, they must recalculate the movant's Guidelines range only to the extent it adjusts for the Fair Sentencing Act. Second, they may (and when raised by the parties, must) consider other legal and factual changes when deciding whether to impose a reduced sentence." *Troy*, 64 F.4th at 184 (citing *Concepcion v. United States*, 142 S. Ct. 2389, 2396, 2402 n.6, 2043 n.8 (2022)) (citations and internal quotation marks omitted). Courts "must generally consider the parties' nonfrivolous arguments before it. Of course, a district court is not required to be persuaded by every argument parties make, and it may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation. Nor is a district court required to articulate anything more than a brief statement of reasons." *Concepcion*, 142 S. Ct. at 2404 (citation omitted). In fact, courts are not required to "expressly rebut" every argument advanced by the parties and can agree or disagree with any policy arguments. *Id*. (internal quotation marks omitted). "All that the First Step Act requires is that a district court make clear that it reasoned through the parties' arguments." *Id*. (internal quotation marks omitted).

> The broad discretion that the First Step Act affords to district courts also counsels in favor of deferential appellate review. As a general matter, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence. Section 404(c) of the First Step Act confers particular discretion, clarifying that the Act does not require a court to reduce any sentence. Other than legal errors in recalculating the Guidelines to account for the Fair Sentencing Act's changes, appellate review should not be overly searching.

3

*Id.* (citations and internal quotation marks omitted).

We acknowledge that the district court did not explicitly state the correct standard in considering nonfrivolous arguments in the context of a First Step Act motion. Nevertheless, upon our review, we conclude that the court sufficiently addressed all of Dinnall's nonfrivolous arguments in favor of a sentence reduction. Dinnall asserts that the court failed to address his claim that his health warranted a reduced sentence. But Dinnall did not show that his health was any worse since his sentencing, when it was known that he had a heart murmur. For instance, he did not show that his health now required a doctor's care or prescription medications. Dinnall's claim that the court failed to consider his release plan may be relevant if the court was leaning toward reducing Dinnall's sentence to time-served. It is clear from the court's order that it had no intention of releasing Dinnall or significantly reducing Dinnall's life sentences in light of his criminal history, serious offense conduct, and poor institutional adjustment.

Dinnall also faults the district court for not considering the disparity between his life sentences and his codefendants' lesser sentences. The court determined that Dinnall failed to show that he was similarly situated to his codefendants to properly consider whether his life sentences were out of line. On appeal, Dinnall highlights a codefendant who, Dinnall asserts, played a greater role in the drug trafficking organization. The codefendant served his sentence and was released. But Dinnall ignores the fact that the codefendant pleaded guilty to two drug trafficking offenses, agreed to cooperate with the Government, and testified at Dinnall's trial. "First, a sentence is not unreasonable under § 3553(a)(6) merely because it creates a disparity with a co-defendant's sentence. Second,

4

individuals who opt to go to trial are not similarly situated to those who plead guilty and cooperate with the government for purposes of § 3553(a)(6)." *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir.), *cert. denied*, 143 S. Ct. 164 (2022) (citations and internal quotation marks omitted).  We conclude that the court did not err in this regard.

Dinnall contends that the district court erred as a matter of fact by finding that he was in his early twenties for most of his time in the drug conspiracy, when instead Dinnall was in his teens.  Dinnall asserts that his age during most of the drug conspiracy supports his claim that his brain was not fully developed.  But it is uncontradicted that Dinnall's most egregious conduct occurring during the course of the drug conspiracy happened in Dinnall's early twenties and all of his poor institutional conduct occurred during Dinnall's adulthood.  And the court acknowledged Dinnall's argument that his brain had not fully developed, but determined that this and other factors where outweighed by his serious offense conduct and post-sentencing conduct.  We conclude that there was no error.

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*