**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-6545**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KAREEM A. SAUNDERS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Rossie David Alston, Jr., District Judge.  (1:06-cr-00399-RDA-1)

Submitted:  November 14, 2024                    Decided:  November 19, 2024

Before THACKER and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kareem A. Saunders, Appellant Pro Se. Ryan Burke Bredemeier, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kareem A. Saunders appeals from the district court's amended memorandum opinion and order granting in part and denying in part his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), (B), and § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. By way of his motion, Saunders sought to reduce his sentence of life imprisonment plus 360 months to 240 months' imprisonment. After finding that Saunders was eligible for a sentence reduction and thoroughly assessing the 18 U.S.C. § 3553(a) factors, the district court reduced Saunders's sentence to 516 months' imprisonment. Limiting our review of the record to the issues raised in Saunders's informal brief, we discern no reversible error in the district court's decision.[*] *See* 4th Cir. R. 34(b);

---

[*] On appeal, Saunders argues that the district court erred by failing to remove an aggravating role adjustment under the Sentencing Guidelines and by failing to subtract one point from his criminal history score pursuant to Amendment 821 to the Guidelines. But Saunders did not present these arguments to the district court. Assuming that we may review them for plain error, Saunders is not entitled to relief. *See* Fed. R. Crim. P. 52(b). As to the aggravating role adjustment, the district court overruled Saunders's objection to that adjustment at the sentencing hearing. And in these First Step Act proceedings, the district court could not "recalculate [Saunders's] benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act." *See Concepcion v. United States*, 597 U.S. 481, 498 n.6 (2022). Saunders also identifies no intervening change of law or fact that undermines the application of the enhancement to him. *See id.* at 500 ("The Court therefore holds that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act."). In fact, Saunders offers no argument at all on this issue and asserts error in only summary fashion. He is thus not entitled to relief on this issue. As for Saunders's argument under Amendment 821, Saunders's criminal history category would remain the same even if one point were subtracted from his criminal history score. We do not foreclose the possibility, however, that Saunders may seek relief under Amendment 821 in the district court and further develop his arguments related to that amendment. Finally, Saunders contends that the district court did not consider his argument that he was only a teenager when he committed his most serious offenses prior (Continued)

2

*United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023) (explaining standard of review

for denial of § 3582(c)(1)(A) motion); *United States v. Reed*, 58 F.4th 816, 819-20 (4th Cir.

2023) (explaining standard of review for denial of § 3582(c)(1)(B) and § 404(b) motion).

Accordingly, we affirm. We also deny Saunders's request for the appointment of

counsel. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the

decisional process.

*AFFIRMED*

---

to these crimes. But Saunders is simply incorrect; the district court addressed that argument in assessing the § 3553(a) factors.

3