**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-6804**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEFAN VALENTI MOSLEY, a/k/a Hump,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge.  (8:03-cr-00194-DKC-1)

───────────────

Submitted:  June 12, 2025                    Decided:  June 16, 2025

───────────────

Before HARRIS and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**   James Wyda, Federal Public Defender, Sapna Mirchandani, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Jason D. Medinger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stefan Valenti Mosley appeals the district court's order denying his motion for a sentence reduction pursuant to § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (First Step Act).  We review a district court's decision on a First Step Act motion for abuse of discretion.  *United States v. Reed*, 58 F.4th 816, 819 (4th Cir. 2023).  "Under this standard, we affirm a district court's denial of Section 404(b) relief unless the court's decision is procedurally or substantively unreasonable." *Id.* at 820.

Our review of the record reveals no abuse of discretion.  The court found Mosley eligible for First Step Act relief, but, after considering Mosley's arguments, it declined to grant a reduction based on its review of the 18 U.S.C. § 3553(a) factors and Mosley's previous receipt of a presidential commutation of his sentence from life imprisonment to 360 months. *See Concepcion v. United States*, 597 U.S. 481, 496-500 (2022) (explaining steps for court to take in addressing sentence reduction motions and stating that, in determining whether reduction is appropriate, court may consider other legal and factual developments that have occurred since the original sentencing).  We also conclude that the district court reasonably determined that Mosley's existing sentence remained appropriate in light of the § 3553(a) factors and that the court adequately explained its decision. *See id.* at 501 (explaining that a "court [is not] required to articulate anything more than a brief statement of reasons" for its ruling on a motion for sentence reduction).

2

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*