**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-6021

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT STOKES, a/k/a Robert B. Stokes,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:05-cr-00138-REP-1)

Submitted:  April 20, 2023                     Decided:  August 7, 2023

Before DIAZ and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Jessica D. Aber, United States Attorney, S. David Schiller, Joseph Attias, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Stokes appeals the district court's order denying his motion for a sentence reduction pursuant to § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"). We review the district court's denial of Stokes' motion for abuse of discretion. *United States v. Reed*, 58 F.4th 816, 819 (4th Cir. 2023). "A district court abuses its discretion if its decision to retain or reduce a sentence under the First Step Act is procedurally or substantively unreasonable." *United States v. Troy*, 64 F.4th 177, 184 (4th Cir. 2023).

Stokes argues that the district court erred by failing to consider the combined effects of the Fair Sentencing Act and retroactive Guidelines Amendment 782, which the court previously applied to Stokes, when recalculating his benchmark Guidelines range. Doing so would produce a Guidelines range of 235 to 293 months, lower than the range of 262 to 327 months applied by the district court in its First Step Act ruling.

We need not determine whether the district court's Guidelines calculation was correct. Subsequent developments make clear that any error in recalculating Stokes' Guidelines range was harmless. *See United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2017). During the pendency of this appeal, the district court denied Stokes' second motion for compassionate release. In its detailed analysis of that motion, the district court considered the combined effect of the Fair Sentencing Act and Amendment 782 on Stokes' Guidelines range. It concluded that, even assuming Stokes had demonstrated extraordinary and compelling reasons for a sentence reduction, the 18 U.S.C. § 3553(a)

2

factors confirmed that Stokes' existing sentence was sufficient, but not greater than necessary, to satisfy the purposes of sentencing.

Given the district court's conclusion that the § 3553(a) factors support the existing sentence and its explicit consideration of the Guidelines range Stokes believes should have applied to his First Step Act motion, we conclude that any error in calculating the benchmark Guidelines range for purposes of the First Step Act "did not have a substantial and injurious effect or influence on the result." *See United States v Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (internal quotation marks omitted).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*