**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-6901**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL TODD ROZELLE,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge. (3:92-cr-00284-FDW-7)

———————

Submitted:  August 23, 2023                    Decided:  October 11, 2023

———————

Before THACKER and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Erin E. Rozzelle, LAW OFFICE OF ERIN ROZZELLE, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Rozelle ("Appellant") challenges the district court's denial of his motion for a sentence reduction pursuant to section 404(b) of the First Step Act. We conclude that the district court did not err in maintaining Appellant's 600 month sentence and that its order doing so demonstrated that it had considered the arguments before it.

Therefore, we affirm.

I.

Appellant is currently serving a 600 month sentence that was imposed after he pled guilty to conspiracy with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1); conspiracy to commit violent acts in aid of racketeering in violation of 18 U.S.C. § 1959(a)(6); two counts of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1); and assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3).

Appellant was part of a violent drug trafficking ring called "The Posse" that operated in Charlotte, North Carolina in the early 1990s. The Posse trafficked in heroin and crack cocaine and regularly robbed rival gang members. In March 1992, Appellant and other members of The Posse retaliated against a member of a rival gang who had previously robbed a member of The Posse. Appellant and his co-assailants confronted and severely beat the victim outside of a nightclub. Appellant then shot and killed the victim.

Then in May 1992, The Posse learned that drug traffickers were storing cocaine at an apartment in Charlotte and decided to rob the home while armed with semi-automatic weapons. The Posse encountered two individuals in the apartment and, while some

members went into the apartment to steal the drugs, one member held the two individuals at gunpoint while Appellant "pistol whipped" them. J.A. 200.[1]

Finally, in June 1992, Appellant and two other members of The Posse decided to rob and kill Darmika Gray. Gray lived with a drug trafficker, and she was supposed to sell drugs to The Possee. When the group arrived at the home, Gray opened the door holding her seven month old daughter. Appellant shot Gray at point-blank range in the back of the head, while she was still holding the baby. Appellant and his accomplices took the drugs and left the baby unattended, but physically unharmed, in the apartment with her dead mother.

Appellant pled guilty to the offenses listed above on May 25, 1993. His Presentence Investigation Report ("PSR") calculated a total offense level of 43 and criminal history category IV, producing a United States Sentencing Guidelines ("Guidelines") sentencing range of life imprisonment, which the district court imposed.

In 2012, Appellant sought a reduced sentence pursuant to 18 U.S.C. § 3582[2] and Amendment 750 to the Sentencing Guidelines, wherein the Sentencing Commission reduced the Guidelines' base offense levels for crack cocaine offenses to align with the Fair Sentencing Act. The amended Guidelines lowered Appellant's offense level to 42, which produced a Guidelines sentencing range of 360 months to life. Appellant requested

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

[2] 18 U.S.C. § 3582(c)(2) allows courts to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

a 360 month sentence, and the probation office's Supplemental PSR recommended the same. But the district court did not grant such a large reduction because it determined that "just punishment" "require[d] a very lengthy sentence" given the nature and circumstances here. J.A. 75. And the district court was concerned that Appellant had been charged with 15 disciplinary infractions while in custody up to that point. *Id.*

Therefore, the district court reduced Appellant's sentence to a total of 600 months of imprisonment -- 600 months for possession with intent to distribute, 600 months each for the murders, 36 months for the conspiracy to commit violent crimes, and 240 months for the assault with a dangerous weapon -- all to run concurrently.

In November 2020, Appellant filed another motion for a sentence reduction, this time pursuant to section 404 of the First Step Act. Section 404 gives retroactive effect to the statutory changes made by sections 2 and 3 of the Fair Sentencing Act and provides that a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if [sections 2 and 3 of the Fair Sentencing Act] were in effect at the time the covered offense was committed." 132 Stat. at 5222. A covered offense is one that was committed before August 3, 2010, and for which the "statutory penalties 'were modified by section 2 or 3 of the Fair Sentencing Act of 2010.'" *United States v. Reed*, 58 F.4th 816, 818 (4th Cir. 2023) (quoting 132 Stat. at 5222). Appellant argued that he was eligible for a sentence reduction and that he had "undergone a transformational change into a model inmate" such that his "superlative rehabilitation" warranted reducing his sentence to 360 months. J.A. 77.

4

In his First Step Act motion, Appellant explained that after the court's 2014 order reducing his sentence to 600 months, he has taken "a litany of programmatic offerings focused on rehabilitation and reentry into the community" and has "taught or participated in over 50 different educational programs." J.A. 79–80. Appellant made six arguments in favor of a sentence reduction, all of which were rooted in his apparent rehabilitation. He argued that (1) his rehabilitation had been "nothing short of remarkable," J.A. 83; (2) he had "maintained an involved and loving relationship with his family throughout his rehabilitation," J.A. 86; (3) he had a solid reentry plan, including an "extensive network of support," J.A. 87; (4) he had "accept[ed] total responsibility for his heinous conduct" and that his life now "revolves around penitence, redemption, and making amends," J.A. 88; (5) "providing just punishment, promoting respect for the law, and affording adequate deterrence are all satisfied with a reduction to 360 months" because his "rehabilitation demonstrates that he does not pose a high risk to the community," J.A. 88–89; and, (6) "courts have granted sentence reductions in similar situations, including that his co-defendant's sentence had been reduced "because the grave nature of the offense did not, by itself, outweigh the remaining § 3553(a) factors," J.A. 90–91.

The district court denied Appellant's First Step Act motion. After recounting the nature and circumstances of Appellant's offenses, the district court explained that it "recognizes and applauds the strides [Appellant] has apparently made while incarcerated, but his violent offense conduct and the need to protect the public and provide just punishment weigh strongly against any further sentence reduction." J.A. 191. Therefore, the district court held that Appellant "does not qualify for relief from his 600-month

5

sentence because the nature and circumstances of his offense—involving both serious drug-trafficking and murder—do not support a sentence reduction." *Id.*

Appellant timely noted this appeal.

## II.

We review for abuse of discretion the district court's decision whether to grant a First Step Act reduction to an eligible defendant. *United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020). Indeed, "[t]he broad discretion that the First Step Act affords to district courts . . . counsels in favor of deferential appellate review." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022). "Other than legal errors in recalculating the Guidelines to account for the Fair Sentencing Act's changes, appellate review should not be overly searching." *Id.*

A district court "abuses its discretion if its decision to retain or reduce a sentence under the First Step Act is procedurally or substantively unreasonable." *United States v. Troy*, 64 F.4th 177, 184 (4th Cir. 2023). A sentence is procedurally unreasonable if a district court commits an error "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Reed*, 58 F.4th 816, 820 (4th Cir. 2023) (quoting *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020)). While a district court must explain its decision, the First Step Act does not "require a district court to make a point-by-point rebuttal of the parties' arguments. All that is required is for a district court to

6

demonstrate that it has considered the arguments before it." *Concepcion*, 142 S. Ct. at 2405.

### III.

### A.

On appeal, Appellant argues the district court erred because it did not reduce his 600 month sentence for conspiracy to possess with intent to distribute cocaine base to the 20 year statutory maximum created by the Fair Sentencing Act. We have plainly rejected this argument.

The Supreme Court has held "the First Step Act does not compel courts to exercise their discretion to reduce any sentence." *Concepcion v. United States*, 142 S. Ct. 2389, 2397 (2022). In *United States v. Reed*, the appellant argued that the district court had abused its discretion in this same circumstance -- it maintained a sentence that exceeded the "revised statutory maximum established by the Fair Sentencing Act." 58 F.4th 816, 820 (4th Cir. 2023). Applying *Concepcion*, we held that while the district court was required to consider the arguments before it, it was not required to reduce any sentence, even when the statutory maximum was changed by the Fair Sentencing Act. *Id.* at 821–22.

Here, Appellant did not argue in his First Step Act motion that the statutory maximum for his offense has been amended by the Fair Sentencing Act, so the district court did not need to consider that issue. And, because a court is not required to reduce any sentence, we do not find error here.

7

B.

Next, Appellant argued that the district court committed procedural error in three respects: (1) failing to provide an individualized explanation demonstrating that it had considered Appellant's post-sentencing rehabilitation; (2) failing to consider Appellant's sentencing disparity argument; and (3) making clearly erroneous factual findings.

1.

"[A] district court's discretion is broad and its burden light." *United States v. Troy*, 64 F.4th 177, 184 (4th Cir. 2023). "District courts are not required to modify a sentence 'for any reason' and may reject arguments they consider unconvincing in 'a brief statement of reasons' and 'without a detailed explanation.'" *Id.* (quoting *Concepcion*, 142 S. Ct. at 2404). While a district court must explain its decision, that explanation need not be "detailed." *Concepcion*, 142 S. Ct. at 2404. "All that is required is for a district court to demonstrate that it has considered that arguments before it." *Id.*

Having reviewed the record, we conclude that the district court adequately demonstrated it considered Appellant's post-sentencing rehabilitation arguments. While its explanation was brief, the district court noted that it "recognize[d] and applaud[ed] the strides [Appellant] has apparently made while incarcerated." J.A. 191. This recognition confirms that the district court considered Appellant's rehabilitation argument and rejected it because "his violent offense conduct and the need to protect the public and provide just punishment weigh strongly against any further sentence reduction." *Id.*

8

2.

We similarly conclude that the district court did not err with respect to Appellant's purported sentencing disparity argument. Appellant argues on appeal that the district court ignored his argument that his 600-month sentence results in unwarranted sentence disparities in violation of § 3553(a)(6). To be sure, Appellant's motion did argue that "courts have granted sentence reduction in similar situations to [Appellant's]" and it noted that the district court had reduced his co-defendant's sentence from life to 360 months "because the grave nature of the offense did not, by itself, outweigh the remaining § 3553(a) factors." J.A. 90–91. But Appellant's argument below was not actually a sentencing disparity argument. In fact, he did not use the term "sentencing disparity," nor did he cite to 18 U.S.C. § 3553(a)(6). Rather, Appellant's argument on this point was that "[b]y extension, the nature of [Appellant's] offense cannot, by itself, preclude a reduction to 360 months. [Appellant's] extraordinary rehabilitation, detailed release plan, strong support network, acceptance of responsibility, and low risk of recidivism justifies a reduction to 360 months, the low end of his guideline range." *Id.* at 92. Thus, this argument was simply a continuation of Appellant's rehabilitation argument, which the district court demonstrated it considered and rejected.

3.

Finally, Appellant argues the district court relied on clearly erroneous facts because it determined that Appellant failed to demonstrate that he is not a danger to the safety of the community despite Appellant submitting what he describes as overwhelming evidence to the contrary. Appellant also argues it was clear error for the court to cite its need to

9

protect the public and the need for deterrence.  Neither of these arguments is persuasive.

Moreover, "the First Step Act does not require a district court to accept a movant's

argument that evidence of rehabilitation or other changes in law counsel in favor of a

sentence reduction." *Concepcion*, 142 S. Ct. at 2404–05.  The district court's disagreement

with Appellant's view of the facts does not equate to clear error.

## IV.

The district court was not required to reduce Appellant's sentence.  All the district

court was required to do was demonstrate that it considered the arguments before it.

Because it did so, we affirm.

*AFFIRMED*

10