**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4657**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH KELVIN ABERANT,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:17-cr-00025-FL-1)

_____

Submitted:  December 15, 2023                     Decided:  December 28, 2023

_____

Before KING and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Peter L. Goldman, SABOURA, GOLDMAN & COLOMBO, PC, Alexandria, Virginia, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2017, Joseph Kelvin Aberant pled guilty, without a written plea agreement, to two counts of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and making a false and fictitious statement to a firearms dealer during the acquisition of a firearm and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 922(a)(6).  The district court originally sentenced Aberant to 200 months' imprisonment, below the bottom of his Sentencing Guidelines range of 262 to 327 months' imprisonment.  We vacated that sentence and remanded for resentencing because the court failed to expressly address Aberant's motion for a downward variance and explain its reasons for imposing the selected sentence.  *United States v. Aberant*, 741 F. App'x 905 (4th Cir. 2018).   On remand, the district court sentenced Aberant to 262 months' imprisonment.   Because the court offered no valid reasons for imposing this harsher sentence, we concluded that the Government could not rebut the presumption of vindictiveness, vacated the sentence, and remanded for resentencing before a different judge.  *United States v. Aberant*, No. 19-4786, 2021 WL 5401474 (4th Cir. Nov. 18, 2021). A new judge sentenced Aberant to 291 months' imprisonment.  On appeal, Aberant argues that this within-Guidelines sentence is substantively unreasonable because the district court did not adequately account for his advanced age and poor health.  We affirm.

We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard."  *United States v. Williams*, 5 F.4th 500, 505 (4th Cir. 2021). "Substantive-reasonableness review requires us to consider the totality of the circumstances to determine whether the sentencing court abused its discretion in

2

concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Reed*, 58 F.4th 816, 820 (4th Cir. 2023) (internal quotation marks omitted). "This review is highly deferential" and "should not be overly searching, because it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence." *United States v. Smith*, 75 F.4th 459, 466 (4th Cir. 2023) (internal quotation marks omitted). Indeed, "[a]ny sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable," and "[s]uch a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We conclude that Aberant has not rebutted the presumption that his within-Guidelines sentence is substantively reasonable.[*] The district court carefully crafted a sentence reflecting the violent nature of the offense and Aberant's violent criminal history, both of which demonstrated the need to protect the public from Aberant. Moreover, given that Aberant had not been deterred by his prior sentences and spent his life disrespecting the law, the court reasonably concluded that a lengthy sentence was appropriate. But the court did not ignore Aberant's poor health or advanced age. To the contrary, the court requested a revised presentence report to reflect Aberant's current health issues, among other changes, and chose a sentence three years below the top of the Guidelines range to

---

[*] We have confirmed that Aberant's sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) ("[W]e are required to analyze procedural reasonableness before turning to substantive reasonableness.").

3

account for those mitigating circumstances, even though Aberant's advanced age and poor health had not hindered him from committing the offenses. In imposing the harsher sentence, the court also emphasized that Aberant attempted to minimize his culpability and blame the victims for his violent behavior. On this record, we conclude that the district court acted within its discretion in selecting Aberant's sentence, and we decline Aberant's invitation to reweigh the § 3553(a) factors.

Accordingly, we affirm the district court's judgment and deny Aberant's motion to substitute counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*