**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 23-4520**

—————————

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

DASEAN JOHN SPRUILL, a/k/a Five,

> Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:22-cr-00072-D-1)

—————————

Submitted:  May 21, 2024                                Decided:  May 23, 2024

—————————

Before WYNN and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Jaclyn L. Tarlton, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, J. Jermaine Sellers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Desean John Spruill pled guilty to: conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846; distribution of cocaine base, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2; and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Spruill to 151 months' imprisonment, a sentence at the bottom of the advisory Sentencing Guidelines range. On appeal, Spruill argues that his sentence is substantively unreasonable. We affirm.

We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard." *United States v. Williams*, 5 F.4th 500, 505 (4th Cir. 2021). "Substantive-reasonableness review requires us to consider the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Reed*, 58 F.4th 816, 820 (4th Cir. 2023) (internal quotation marks omitted). "This review is highly deferential" and "should not be overly searching, because it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence." *United States v. Smith*, 75 F.4th 459, 466 (4th Cir. 2023) (internal quotation marks omitted). Indeed, "[a]ny sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable," and "[s]uch a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

2

Spruill argues that his sentence is substantively unreasonable because the district court did not give adequate weight to sentencing disparities between crack and powder cocaine, the average sentence for similarly situated defendants, or Spruill's traumatic upbringing, instead giving excessive weight to two convictions from his youth. However, the record demonstrates that the district court considered the sentencing factors, as well as the arguments raised by defense counsel, ultimately granting Spruill a bottom-of-the-Guidelines sentence. Given the "extremely broad discretion" afforded to a district court "when determining the weight to be given each of the § 3553(a) factors" in imposing sentence, *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011), Spruill fails to rebut the presumption of reasonableness afforded his within-Guidelines sentence.* Accordingly, we conclude that Spruill's sentence is substantively reasonable.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

* We have confirmed that Spruill's sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) ("[W]e are required to analyze procedural reasonableness before turning to substantive reasonableness.").

3