**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-6016**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAMONE STEPHON JONES, a/k/a Duggie,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge.  (8:03-cr-00321-DKC-3)

───────────────

Submitted:  May 23, 2024                          Decided:  June 11, 2024

───────────────

Before HARRIS and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** James Wyda, Federal Public Defender, Sapna Mirchandani, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Jonathan S. Tsuei, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ramone Stephon Jones appeals the district court's order denying his motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), or, alternatively, a sentence reduction pursuant to § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 ("First Step Act").  We affirm.

We review a district court's decision whether to grant a reduction under the First Step Act, either under § 404(b) or for compassionate release, for abuse of discretion.  *See United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021) (reviewing compassionate release denial); *United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020) (reviewing § 404(b) decision).  "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) (internal quotation marks omitted).

Jones first contends that the district court abused its discretion when it determined—after considering his claims concerning the risks to his health created by the COVID-19 pandemic; the disparity between his current sentence, the sentence he would receive today, and the sentences of similarly situated defendants; and his postsentencing rehabilitation—that he failed to state extraordinary and compelling reasons warranting compassionate release.  "To grant a compassionate release motion, the district court must [first] conclude that the prisoner is eligible for a sentence reduction because he has shown extraordinary and compelling reasons supporting relief." *United States v. Brown*, 78 F.4th 122, 128 (4th

Cir. 2023) (cleaned up).    Because the Sentencing Commission's policy statement applicable to defendant-filed motions for compassionate release had not yet been enacted when the court ruled on Jones' compassionate release motion, the district court was "empowered to consider any extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (cleaned up).  In doing so, a district court considers "the severity of the inmate's personal circumstances," *United States v. Hargrove*, 30 F.4th 189, 197 (4th Cir. 2022), taking "into account the totality of the relevant circumstances," *id.* at 198.  The "touchstone" of our review is whether the district court demonstrated "that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. High*, 997 F.3d 181, 190 (4th Cir. 2021) (cleaned up).  Upon review of the record, we conclude that the district court adequately considered Jones' proffered extraordinary and compelling reasons for relief, and we discern no abuse of discretion in the court's denial of Jones' motion.

Jones also argues that the district court abused its discretion in denying his request for a sentence reduction under § 404(b), despite finding that he was eligible for such a reduction.  When a defendant is eligible for relief, the First Step Act "directs district courts to calculate the [Sentencing] Guidelines range as if the . . . amendments [by the Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372,] had been in place at the time of the offense." *Concepcion v. United States*, 597 U.S. 481, 498 n.6 (2022).  "The district court may then consider" other intervening factual or legal changes, such as the defendant's "postsentencing conduct or nonretroactive changes [to the Guidelines] in

3

selecting or rejecting an appropriate sentence, with the properly calculated Guidelines range as the benchmark." *Id.*

We will "affirm a district court's denial of [§] 404(b) relief unless the court's decision is procedurally or substantively unreasonable." *United States v. Reed*, 58 F.4th 816, 820 (4th Cir. 2023). With respect to procedural reasonableness, as is relevant here, "when deciding a First Step Act motion, district courts bear the standard obligation to explain their decisions and demonstrate that they considered the parties' [nonfrivolous] arguments." *Concepcion*, 597 U.S. at 500-01. However, a court "may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation." *Id.* at 501. The district court is not "required to articulate anything more than a brief statement of reasons" or "to expressly rebut each argument made by the parties." *Id.* (internal quotation marks omitted). "All that the First Step Act requires is that a district court make clear that it reasoned through the parties' arguments." *Id.* (cleaned up). With respect to substantive reasonableness, we "consider the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *Reed*, 58 F.4th at 820 (internal quotation marks omitted).

Jones argues that the district court's decision is procedurally and substantively unreasonable. We disagree. With respect to procedural reasonableness, in declining to reduce Jones' sentence, the court correctly calculated Jones' revised Guidelines range and considered the revised statutory sentencing range, Jones' criminal history, the circumstances of the offenses of conviction, and his evidence of postsentencing

4

rehabilitation.  The decision is also substantively reasonable, as Jones' mere "disagreement with how [the] district court balance[d] the § 3553(a) factors is insufficient to overcome the district court's discretion." *United States v. Troy*, 64 F.4th 177, 186 (4th Cir.) (cleaned up), *cert. denied*, 144 S. Ct. 167 (2023).

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*