**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-4531**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JEREMY WARREN ANDERSON,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:22-cr-00383-CCE-1)

───────────────

Submitted:  July 29, 2024                                 Decided:  August 9, 2024

───────────────

Before WILKINSON and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Ames C. Chamberlin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, K.P. Kennedy Gates, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Warren Anderson appeals the 168-month sentence imposed by the district court following his guilty plea to one count of distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).  Anderson argues that his within-Guidelines sentence is unreasonable because it is greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a).  We affirm.

We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard."  *United States v. Williams*, 5 F.4th 500, 505 (4th Cir. 2021).  "Substantive-reasonableness review requires us to consider the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)."  *United States v. Reed*, 58 F.4th 816, 820 (4th Cir. 2023) (internal quotation marks omitted).  "This review is highly deferential" and "should not be overly searching, because it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence."  *United States v. Smith*, 75 F.4th 459, 466 (4th Cir. 2023) (internal quotation marks omitted).  Indeed, "[a]ny sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable," and "[s]uch a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors."  *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

At sentencing, the district court calculated a Guidelines range of 168 to 210 months' imprisonment based on several enhancements under U.S. Sentencing Guidelines Manual

2

§ 2G2.2(b) (2021).    Anderson argued for a downward variance of 97 months of imprisonment.  Anderson argued that § 2G2.2(b) is flawed because it fails to adequately distinguish between defendants' culpability, resulting in excessive sentencing recommendations.  Anderson also offered as mitigating factors his limited criminal history, cooperation with law enforcement, that a 97-month sentence would—like a lengthier sentence—permit him to complete a sex offender treatment program, and his significant health problems.  The district court declined to vary downward, however, and sentenced Anderson to 168 months' imprisonment—a sentence at the bottom of the Guidelines range.  The court acknowledged that the § 2G2.2(b) enhancements can be excessive but found that Anderson's criminal history and disturbing offense conduct, which went beyond merely possessing pornographic images of children, made a below-Guidelines-range sentence insufficient.

Anderson has failed to rebut the presumption of reasonableness that we afford his within-Guidelines-range sentence.[*]  *See Louthian*, 756 F.3d at 306.  We therefore conclude that his 168-month sentence is substantively reasonable, and we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We have confirmed that Anderson's sentence is procedurally reasonable.  *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) ("[W]e are required to analyze procedural reasonableness before turning to substantive reasonableness.").