**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-7048**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MITCHELL SWAIN,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:07-cr-00062-D-1)

───────────────

Submitted:  November 27, 2024                    Decided:  December 17, 2024

───────────────

Before WYNN, THACKER, and HEYTENS, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Mitchell Swain, Appellant Pro Se.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mitchell Swain appeals the district court's order, entered on remand from this court, *see United States v. Swain*, 49 F.4th 398 (4th Cir. 2022), granting Swain's counseled motions for a sentence reduction under § 404(b) of the First Step Act of 2018 ("2018 FSA"), Pub. L. No. 115-391, 132 Stat. 5194, 5222. Swain sought to reduce his 324-month sentence, which was imposed in February 2009, to between 180- and 210-months of imprisonment. After finding that Swain was eligible for a sentence reduction under the 2018 FSA, properly calculating the revised Sentencing Guidelines range, and thoroughly evaluating the 18 U.S.C. § 3553(a) factors, the district court reduced Swain's sentence to 288 months, but it rejected Swain's arguments in favor of a greater reduction.

Upon review, we discern no abuse of discretion or reversible error in the district court's decision. *See United States v. Reed*, 58 F.4th 816, 819-20 (4th Cir. 2023) (explaining the standard of review for adjudication of § 3582(c)(1)(B) and § 404(b) motions). Although not specifically challenged on appeal, in response to the primary issue advanced in the district court, we observe that the district court properly concluded that it could not "recalculate [Swain's] benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act." *Concepcion v. United States*, 597 U.S. 481, 498 n.6 (2022).

In this court, Swain focuses on the district court's May 9, 2024, order dismissing for lack of jurisdiction Swain's pro se Fed. R. Civ. P. 59(e) motion to alter or amend the court's order reducing Swain's sentence, which was filed prior to counsel noting this appeal. While the district court's jurisdictional ruling was in error because the timely filing

2

of a Rule 59(e) motion tolls the appeal period until the motion is resolved, *see* Fed. R. App. P. 4(a)(4)(A)(iv), (B)(i), we conclude that this is not reversible error because Swain's motion failed to assert viable grounds for Rule 59(e) relief, *see Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010) (explaining that a Rule 59(e) motion must advance "either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice"). That is, while Swain restated issues that were rejected in the court's adjudication of the two counseled motions for relief, he did not establish clear error in those rulings, and the other advanced issues were either newly raised or contrary to the law. Because any error in the district court's failure to address the Rule 59(e) motion ultimately is harmless, we conclude that remand is not warranted.

Accordingly, we deny Swain's motions to remand this case for adjudication of the Rule 59(e) motion and to appoint counsel on appeal, and we affirm the district court's dispositive order. *United States v. Swain*, No. 4:07-cr-00062-D-1 (E.D.N.C. Sept. 29, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3