**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4060

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES DENNARD SQUIRE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:21-cr-00336-CCE-1)

Submitted:  November 26, 2024                              Decided:  April 7, 2025

Before RUSHING and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney , OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Dennard Squire pled guilty, pursuant to a plea agreement, to seven counts of Hobbs Act robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 1951(a), and the district court sentenced him to 186 months' imprisonment, within his advisory Sentencing Guidelines range.  On appeal, Squire argues that his sentence is substantively unreasonable because the district court did not adequately consider "the convergence of factors" that rendered his case unique.  We affirm.

We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard."  *United States v. Williams*, 5 F.4th 500, 505 (4th Cir. 2021).  "Substantive-reasonableness review requires us to consider the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)."  *United States v. Reed*, 58 F.4th 816, 820 (4th Cir. 2023) (internal quotation marks omitted).  "This review is highly deferential" and "should not be overly searching, because it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence."  *United States v. Smith*, 75 F.4th 459, 466 (4th Cir. 2023) (internal quotation marks omitted).  Indeed, "[a] within-Guidelines range sentence is presumptively reasonable," and "we must affirm unless [the defendant] raises any arguments that would rebut the presumption."  *United States v. Perry*, 92 F.4th 500, 518 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 2643 (2024).  "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors."  *United States v.*

2

*Everett*, 91 F.4th 698, 714 (4th Cir. 2024) (internal quotation marks omitted), *cert. denied*, No. 23-7734, 2024 WL 4427062 (U.S. Oct. 7, 2024).

We conclude that Squire has not rebutted the presumption that his within-Guidelines sentence is substantively reasonable.* The district court's statements during the sentencing hearing make it clear that the court carefully considered Squire's arguments for a lesser sentence. The court recognized that Squire's criminal history was nonviolent; that he had a pattern of relapsing after periods of sobriety; and that his severe drug addiction, which resulted in his entanglement with violent drug dealers, caused him to engage in violent behavior that he would not have engaged in otherwise. But the court did not find this "convergence of factors" to be mitigating. In the court's view, the fact that Squire's drug addiction and the resulting consequences fueled his violent behavior did not reduce his culpability, as he caused significant and long-lasting harm to the victims, six of whom he robbed at gunpoint. Similarly, the court found that Squire's pattern of relapsing and his engagement in violent behavior in his mid-30's, even after serving lengthy sentences, bolstered the need for a significant sentence. Thus, to protect the public from Squire, the district court imposed a sentence that would remove him from society and drugs for a long time.

The district court, however, found certain aspects of Squire's history to be mitigating. The court explained that it decided not to impose a sentence at the top of

---

* We have confirmed that Squire's sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) ("[W]e are required to analyze procedural reasonableness before turning to substantive reasonableness.").

Squire's Guidelines range because of his family's account of his generous and protective nature while sober. Indeed, the court indicated that it would have imposed an upward-variant sentence had Squire's family not been in court to support him. The court also did not believe that Squire's situation was hopeless. Rather, the court encouraged Squire on his path toward long-term recovery, recommended intensive substance abuse treatment during his incarceration, and directed him to participate in mental health and long-term residential substance abuse treatment upon his release.

The district court's decision not to "grant ['the convergence of factors'] the sort of weight [Squire] would have liked does not establish an abuse of discretion." *Perry*, 92 F.4th at 518. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*