**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4425**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TAKAI TERRELL ROE,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:24-cr-00027-TDS-1)

_____

Submitted:  April 24, 2025                    Decided:  April 28, 2025

_____

Before RICHARDSON and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Angela H. Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Takai Terrell Roe pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). The district court sentenced Roe to 44 months' imprisonment. On appeal, Roe argues that his sentence is substantively unreasonable because it is greater than necessary to address the factors under 18 U.S.C. § 3553(a). We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Williams*, 5 F.4th 500, 505 (4th Cir. 2021). "Substantive-reasonableness review requires us to consider the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Reed*, 58 F.4th 816, 820 (4th Cir. 2023) (internal quotation marks omitted). "This review is highly deferential" and "should not be overly searching, because it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence." *United States v. Smith*, 75 F.4th 459, 466 (4th Cir. 2023) (internal quotation marks omitted). Indeed, "[a]ny sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable," and "[s]uch a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

2

Roe argues that his sentence is substantively unreasonable because the district court did not give adequate weight to his positive history and characteristics, such as his actions as a caretaker for his younger brother and his history as a mere follower and victim of circumstance.  However, the record demonstrates that the court properly considered the sentencing factors, as well as the arguments raised by defense counsel, ultimately imposing a within-Guidelines-range sentence.  The court balanced Roe's personal history and characteristics with the need to promote respect for the law, the need for specific and general deterrence, and the need to provide just punishment.  The court directly acknowledged the mitigating nature of Roe's history and characteristics such as having his GED and a productive employment history.  Ultimately, however, the court determined that a 44-month sentence was appropriate because Roe possessed a stolen handgun just months after his release from supervision following a sentence for armed robbery.  Given the "extremely broad discretion" afforded to a district court "when determining the weight to be given each of the § 3553(a) factors" in imposing sentence, *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011), Roe fails to rebut the presumption of reasonableness afforded his within-Guidelines sentence.[*]  Accordingly, we conclude that Roe's sentence is substantively reasonable.

---

[*] We have confirmed that Roe's sentence is procedurally reasonable.  *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) ("[W]e are required to analyze procedural reasonableness before turning to substantive reasonableness.").

We therefore affirm the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*