**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4186

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELMER JEROME HOLMES, JR., a/k/a E.J., a/k/a Cuzzo,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:19-cr-00191-FL-1)

Submitted:  June 23, 2025                    Decided:  July 14, 2025

Before DIAZ, Chief Judge, and THACKER and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Matthew L. Boney, MATTHEW L. BONEY & ASSOCIATES, Burgaw, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In July 2020, Elmer Jerome Holmes, Jr., pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, and distribution of quantities of heroin and cocaine and aiding and abetting the same, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(C). At the original sentencing hearing, the district court calculated a Sentencing Guidelines range of 121 to 151 months' imprisonment based on a criminal history category of IV and an offense level of 29. *See* U.S. Sentencing Guidelines Manual ch. 5, pt. A (sentencing table) (2018). But the court decided to depart upward to a criminal history category of V, which, combined with the offense level of 29, yielded a Guidelines range of 140 to 175 months' imprisonment. *Id.* Sentencing Holmes at the top of that range, the court explained that a sentence of 175 months' imprisonment was sufficient but not greater than necessary to accomplish the goals under 18 U.S.C. § 3553(a).

While Holmes's first appeal was pending, a court vacated his prior conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), finding the conviction invalid under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) (explaining when North Carolina conviction qualifies as predicate felony). The vacatur of this conviction meant that Holmes's criminal history category dropped from IV to III, rendering his new Guidelines range 108 to 135 months' imprisonment. *See* USSG ch. 5, pt. A (sentencing table). Accordingly, the parties filed a joint motion to remand for

2

resentencing under the new Guidelines range.  We granted the motion, and the case was returned to the district court.

On remand, the Government moved for an upward variance or departure, asking the district court to reimpose the 175-month sentence.  Although counsel did not file a formal response to this motion, she presented several mitigating arguments in her effort to convince the court to impose a within-Guidelines sentence.  At the resentencing hearing, the court once again decided to depart upward to a criminal history category of V and a Guidelines range of 140 to 175 months' imprisonment.  This time, though, the court was persuaded by counsel to sentence Holmes toward the middle of the range, imposing a sentence of 160 months' imprisonment.  The court explained that this sentence was sufficient but not greater than necessary to accomplish the goals under § 3553(a).  On appeal, Holmes argues that counsel rendered ineffective assistance at the resentencing hearing and that his 160-month sentence is substantively unreasonable.  We affirm.

## I.

Holmes contends that counsel rendered ineffective assistance by failing to file a formal response to the Government's motion for an upward variance or departure and by failing to argue effectively against that motion at the resentencing hearing.  He also argues that counsel rendered ineffective assistance by not objecting to the use of out-of-court statements by unidentified informants to enhance his Guidelines range.

"[W]e typically review ineffective assistance of counsel claims on collateral review" but will consider "such claims on direct review where the ineffectiveness of counsel conclusively appears in the trial record itself." *United States v. Freeman*, 24 F.4th

3

320, 331 (4th Cir. 2022) (en banc) (internal quotation marks omitted). Because any ineffectiveness of Holmes's counsel does not appear conclusively on the face of the present record, we conclude that Holmes's "claim[s] should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

## II.

We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard."* *United States v. Williams*, 5 F.4th 500, 505 (4th Cir. 2021). "Substantive-reasonableness review requires us to consider the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Reed*, 58 F.4th 816, 820 (4th Cir. 2023) (internal quotation marks omitted). "This review is highly deferential" and "should not be overly searching, because it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence." *United States v. Smith*, 75 F.4th 459, 466 (4th Cir. 2023) (internal quotation marks omitted).

"Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) (internal quotation marks

---

* We have discerned no reversible procedural errors. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (explaining that "we are required to analyze procedural reasonableness before turning to substantive reasonableness").

omitted).  "We will generally find a variance sentence reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *Provance*, 944 F.3d at 219 (internal quotation marks omitted).  However, "the farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *Id.* at 220 (alteration and internal quotation marks omitted).  "That said, district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors, and the fact that a variance sentence deviates, even significantly, from the Guidelines range does not alone render it presumptively unreasonable." *Nance*, 957 F.3d at 215 (citation and internal quotation marks omitted).

Holmes argues that his sentence is substantively unreasonable because of the substantial disparity between his sentence and that of one of his co-defendants.  But "a sentence is not unreasonable under § 3553(a)(6) merely because it creates a disparity with a co-defendant's sentence." *United States v. Lawson*, 128 F.4th 243, 257 (4th Cir. 2025) (internal quotation marks omitted).  Instead, "our cases have explained that § 3553(a)(6)'s primary purpose is to fulfill the Guidelines' goal to eliminate unwarranted sentencing disparities nationwide." *Id.* (emphasis and internal quotation marks omitted).  Moreover, even if Holmes had raised this argument at the resentencing hearing, it would not have been persuasive because he and his co-defendant were not similarly situated.

To the extent Holmes otherwise challenges the substantive reasonableness of his sentence, we conclude that his argument is without merit.  The district court explained that its decision to upwardly depart reflected its conclusion that Holmes' criminal history category did not adequately reflect the seriousness of his prior conduct.  The court found

his history of recidivism and his attempt to obstruct justice while awaiting his original sentencing particularly concerning. Moreover, the court emphasized that Holmes committed these crimes even though he had the ability to earn a legitimate income and enjoyed significant familial support.

Based on these factors, the district court determined that the Guidelines range resulting from a criminal history category of III and an offense level of 29 was insufficient and a higher guideline range was necessary to deter this conduct, promote respect for the law, and protect the public. Notably, however, the court did not ignore Holmes's mitigating arguments and was in part persuaded to impose a sentence of less than 175 months' imprisonment because Holmes had served time for a conviction that had been vacated. Because the court carefully tied its consideration of the § 3553(a) factors to its chosen sentence, we conclude that Holmes's challenge to the substantive reasonableness of his sentence is without merit.

### III.

We deny Holmes's motion for leave to file a pro se supplemental brief and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6