**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 23-4740**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER LEWIS TUCKER,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:17-cr-00221-TDS-1)

———————————

Submitted:  September 25, 2025                    Decided:  October 9, 2025

———————————

Before WILKINSON, GREGORY, and HEYTENS, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lewis Tucker pled guilty, pursuant to a plea agreement, to receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). The district court sentenced Tucker to time served, followed by a 25-year term of supervised release. On appeal, Tucker argues that his term of supervised release is substantively unreasonable.[1] We affirm.

We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard."[2] *United States v. Williams*, 5 F.4th 500, 505 (4th Cir. 2021). "Substantive-reasonableness review requires us to consider the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the [applicable] standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Reed*, 58 F.4th 816, 820 (4th Cir. 2023) (internal quotation marks omitted). "This review is highly deferential" and "should not be overly searching, because it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence." *United States v. Smith*, 75 F.4th 459, 466 (4th Cir. 2023) (internal quotation marks omitted). Indeed, "[a]

---

[1] Tucker concedes that his sentence is procedurally reasonable. We agree. *See, e.g.*, *United States v. Kokinda*, 146 F.4th 405, 414 (4th Cir. 2025) ("Only if the sentence is procedurally reasonable can we evaluate the substantive reasonableness of the sentence.").

[2] The parties dispute the standard of review: the Government contends that our review is for plain error, while Tucker argues that the deferential abuse-of-discretion standard applies. But we need not resolve this issue because Tucker cannot prevail even under the more lenient standard.

2

within-Guidelines sentence is presumptively reasonable," and "we must affirm unless [the defendant] raises any arguments that would rebut the presumption." *United States v. Perry*, 92 F.4th 500, 518 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 2643 (2024). "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the [applicable] § 3553(a) factors." *United States v. Everett*, 91 F.4th 698, 714 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 145 S. Ct. 242 (2024).

Here, the statutory and Sentencing Guidelines range for Tucker's term of supervised release is five years to life. *See* 18 U.S.C. § 3583(k); U.S. Sentencing Guidelines Manual § 5D1.2(b)(2) (2023). Accordingly, Tucker's 25-year term is presumptively reasonable, and he can rebut the presumption only by showing that the term is unreasonable when measured against the § 3553(a) factors applicable to supervised release.

"In deciding the length of a term of supervised release, district courts must consider many of the same § 3553(a) factors they consider in deciding a term of imprisonment." *United States v. Arbaugh*, 951 F.3d 167, 177 (4th Cir. 2020). Specifically, courts must consider: "(1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need to deter criminal conduct; (4) the need to protect the community from future crimes; and (5) the pertinent policy statements issued by the Sentencing Commission." *United States v. Aplicano-Oyuela*, 792 F.3d 416, 423 (4th Cir. 2015) (citing 18 U.S.C. § 3583(c)).

When imposing Tucker's sentence of time served, followed by a 25-year term of supervised release, the district court carefully considered those factors. *See id.* at 425 ("A

3

court's sentencing rationale . . . can support both imprisonment and supervised release."). The court's primary concern throughout the sentencing hearing was the management of Tucker's mental health while on supervision. And the court made it clear that the goals of supervision would only be satisfied if Tucker remained compliant with his treatment plan, including taking his medication. The court was particularly concerned about deterring additional criminal conduct and protecting the public from Tucker, who had a history of violence. As the court observed, Tucker also had a history of medication resistance— indeed, the length of Tucker's pretrial detention was due in part to his refusal to take his prescribed medication. Moreover, the court was not entirely convinced by Tucker's and counsel's assurances that Tucker would be compliant during supervision, as Tucker had indicated previously that he did not want to take his medication while on supervised release.

But the district court was not unsympathetic to the ordeal Tucker went through to gain competency. In fact, the aggravated nature of Tucker's pretrial detention was the primary factor the court considered when deciding to vary downward so significantly to a sentence of time served. The court was clear, however, that Tucker's offense was serious, and the court was particularly troubled by the online conversations during which Tucker encouraged the undercover agent to abuse a nine-year-old girl and asked a 15-year-old girl to expose herself. The court's consideration of Tucker's possession of child pornography: while the court recognized that victims of child pornography offenses are revictimized every time someone views images of them and suffer from long-lasting trauma, it credited

4

Tucker with the fact that he collected the images over a short period of time, unlike most offenders.

Overall, the district court believed that a lengthy term of supervised release was necessary to ensure that Tucker truly understood the wrongfulness of his actions and would do everything he needed to do to avoid revocation. And because Tucker's compliance with taking his medication regimen was so crucial to his success on supervised release and he had a history of noncompliance, the court reasonably required Tucker to take his prescribed medications as a special condition of supervised release. Finally, the court believed that Tucker possessed the character to abide by the conditions and suggested that Tucker might be eligible for termination of his supervised release if he complied with the conditions for a sufficient period of time. *See* 18 U.S.C. § 3583(e)(1).

While complying with strict conditions of supervised release for 25 years is a daunting task, we conclude that this burden is not enough to rebut the presumption that Tucker's term of supervised release is substantively reasonable. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*