**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4492**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM WAYNE JOHNSON,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.   William L. Osteen, Jr., District Judge.  (1:24-cr-00063-WO-1)

---

Submitted:  September 12, 2025                    Decided:  October 16, 2025

---

Before WILKINSON and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Randall S. Galyon, Acting United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Wayne Johnson pled guilty to bank robbery by force and violence or intimidation, in violation of 18 U.S.C. § 2113(a). At sentencing, the district court designated Johnson a de facto career offender based on multiple prior convictions not counted in calculating the initial advisory Sentencing Guidelines range and established a career offender Guidelines range of 151 to 188 months' imprisonment. The district court sentenced Johnson to 156 months' imprisonment. On appeal, Johnson challenges this sentence, arguing that it is substantively unreasonable. We affirm.

"We review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (citation modified).

> [We] first ensure . . . the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Gall v. United States*, 552 U.S. 38, 51 (2007); *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) ("We are required to analyze procedural reasonableness before turning to substantive reasonableness." (citation modified)). "District courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) (citation modified). If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances." *Gall*, 552 U.S. at 51.

2

Although Johnson does not challenge the procedural reasonableness of his sentence, we may consider the substantive reasonableness only if the sentence is procedurally sound. *See Provance*, 944 F.3d at 218. "Where underlying past criminal conduct demonstrates that the defendant would be sentenced as a career offender but for the fact that one or both of the prior predicate convictions was not counted, the sentencing court may depart directly to the career offender [G]uideline[s] range." *United States v. Myers*, 589 F.3d 117, 125 (4th Cir. 2009) (citation modified); *United States v. Cash*, 983 F.2d 558, 562 (4th Cir. 1992) (same). "For an upward departure to de facto career offender status to be permissible, the defendant has to have been convicted of two prior crimes each of which constitutes a career offender predicate offense." *Myers*, 589 F.3d at 126 (citation modified). Moreover, the instant offense must be a felony conviction for a crime of violence or a controlled substance offense. U.S. Sentencing Guidelines Manual § 4B1.1(a) (2023). We review de novo whether an offense constitutes a crime of violence under the Guidelines. *United States v. Carthorne*, 726 F.3d 503, 509 (4th Cir. 2013).

Johnson's instant offense is a felony conviction for bank robbery, in violation of 18 U.S.C. § 2113(a), which we have held is a crime of violence under the Guidelines. *United States v. Davis*, 914 F.2d 132, 133 (4th Cir. 1990); *see United States v. McNeal*, 818 F.3d 141, 152-53 (4th Cir. 2016). Johnson has also been convicted of two prior crimes that we have determined constitute crimes of violence under the Guidelines. Johnson's prior conviction for common law robbery in North Carolina qualifies as a crime of violence. *United States v. Gattis*, 877 F.3d 150, 156 (4th Cir. 2017). Likewise, Johnson's prior conviction for North Carolina first-degree kidnapping is a crime of violence under the

3

Guidelines. *United States v. Flores-Granados*, 783 F.3d 487, 494 (4th Cir. 2015). As such, the district court did not abuse its discretion in designating Johnson a de facto career offender and departing upward to the career offender Guidelines range.

Having determined that Johnson's de facto career offender sentence is procedurally reasonable, we turn to his argument that his sentence is substantively unreasonable. "Substantive-reasonableness review requires us to consider the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Reed*, 58 F.4th 816, 820 (4th Cir. 2023) (citation modified). "Where, as here, the sentence imposed is outside the advisory Guidelines range, [we] consider[] whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range," according "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Dominguez*, 128 F.4th 226, 237-38 (4th Cir. 2025) (citation modified). "Variant sentences are generally reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *United States v. Davis*, 130 F.4th 114, 128 (4th Cir. 2025) (citation modified).

Applying these principles, we conclude that Johnson's 156-month sentence does not amount to an abuse of discretion. The district court provided a sufficiently detailed explanation of the applicable § 3553(a) factors motivating its chosen sentence, focusing primarily on the serious nature of Johnson's offense conduct, his continued recidivism at age 61, the likelihood that he will reoffend in the future, the serious nature of his prior

convictions, and the inadequacy of his criminal history score compared to his past conduct. The court explained that it intended the sentence to account for the high likelihood that Johnson will reoffend after release and to reflect the serious nature of his past and present criminal conduct.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*