**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4655**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRISTAN MICHAEL MARTIN, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:25-cr-00060-CCE-1)

_____

Submitted:  April 23, 2026                    Decided:  April 28, 2026

_____

Before NIEMEYER, THACKER, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Eric D. Placke, Federal Public Defender, Kathleen A. Gleason, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tristan Marcel Martin, Jr., pled guilty, without a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Martin to 78 months' imprisonment, within his advisory Sentencing Guidelines range. On appeal, Martin's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Martin's sentence is substantively reasonable. Martin was advised of his right to file a pro se supplemental brief, but he has not done so. The Government has declined to file a brief. We affirm.

We review a criminal sentence for reasonableness "under the deferential abuse-of-discretion standard." *United States v. Dominguez*, 128 F.4th 226, 237 (4th Cir. 2025). "Substantive-reasonableness review requires us to consider the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Reed*, 58 F.4th 816, 820 (4th Cir. 2023) (internal quotation marks omitted). "This review is highly deferential" and "should not be overly searching, because it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence." *United States v. Smith*, 75 F.4th 459, 466 (4th Cir. 2023) (internal quotation marks omitted). Indeed, "[a]ny sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable," and "[t]he presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United*

2

*States v. Henderson*, 107 F.4th 287, 297 (4th Cir.), *cert. denied*, 145 S. Ct. 578 (2024) (internal quotation marks omitted).

In challenging the substantive reasonableness of his sentence,[*] Martin emphasizes that he committed his most serious prior convictions when his brain was not fully developed and that his brain development was further delayed because of the traumatic events he experienced in his childhood and because he spent crucial years incarcerated. The district court considered these arguments but observed that Martin continued to commit crimes after his release from his lengthy sentence, when he was over 30 years old. Martin also highlights his recent efforts at rehabilitation. But the district court considered this argument, explaining that it would have imposed a sentence at the top of the Guidelines range had it not been for Martin's recent progress. Accordingly, we conclude that Martin has not rebutted the presumption that his within-Guidelines sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Martin, in writing, of the right to petition the Supreme Court of the United States for further review. If Martin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

---

[*] We have confirmed that Martin's sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) ("[W]e are required to analyze procedural reasonableness before turning to substantive reasonableness.").

3

move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Martin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*